FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRENDA BLUM,

**COMPLAINT  FOR  DAMAGES
AND
DEMAND FOR JURY TRIAL**

       Plaintiff,

v.

       CASE NO.: 8:99-CV-2623-T-17F

CITY OF TAMPA,

       Defendant.

_____/

## SECOND AMENDED COMPLAINT

The Plaintiff, BRENDA BLUM, by and through her undersigned attorney, hereby sues the

Defendant, CITY OF TAMPA (hereinafter "CITY"), a municipal corporation and would show unto

the Court the following:

## INTRODUCTION

1.     This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and

1988, and the Fourteenth Amendment to the United States Constitution, and under Florida

Statute § 768.16 and common law of the State of Florida against Defendant CITY OF TAMPA

(hereinafter "CITY").   Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the

pendent jurisdiction of this Court to entertain claims arising under state law.

## PARTIES

2.     Plaintiff, BRENDA BLUM, is and at all times material hereto was a resident of

Tampa, Hillsborough County, Florida.

3.     That at all times material hereto, the Defendant CITY, was a municipality,

organized and conducting its activities in the State of Florida and County of Hillsborough.

4.     At all times material hereto, the Tampa Police Department was and is an integral part of the CITY government as the vehicle through which the CITY fulfills its policing functions.

## VENUE

5.     Proper venue for this action lies in the United States District Court for the Middle District of Florida, Tampa Division pursuant to Title 28, United States Code, Section 1391, in that the claims arose in this District, and the Defendants reside in this District.

## DEFINITIONS

6.     The Plaintiff BRENDA BLUM is a "person" within the definition of 42 U.S.C. § 1983.

7.     The Defendant CITY, a municipal corporation, is considered a "person" subject to liability under 42 U.S.C. § 1983.

## GENERAL ALLEGATIONS

8.     This is a three count complaint against Defendant CITY OF TAMPA.  Count I is a pendent state claim for vicarious liability based on the negligence of the CITY employee.  Count II is a pendent state claim for negligent hiring, training and supervision of the CITY employee. Count III is a 42 U.S.C. Section 1983 claim for deprivation of rights under the Fourteenth Amendment of the United States Constitution in which Plaintiff avers that Defendant CITY made an unreasonable seizure because Plaintiff was not restrained with a seatbelt while being transported after Plaintiff was arrested, because the officer did not transport Plaintiff directly to the City of Tampa Police Department, and because Defendant CITY did not properly train its officers to restrain passengers in its patrol vehicles.  Plaintiff further avers that Defendant CITY

2

had a policy and custom of allowing the above torts to be committed.  The constitutional claim in

Count III is the policy of deliberate indifference to the safety of those in Defendant's custody, due

to Defendant's failure to train the police officers on patrol to restrain arrestees being transported

in a patrol car with a seatbelt.  Count III is a substantive due process claim to satisfy certain

minimal custodial standards to persons deprived of their liberty under the Fourteenth Amendment

of the United States Constitution.

      9.    The  Plaintiff, BRENDA BLUM, has complied with all conditions precedent to the

filing of this action.

      10.    In accordance with s. 13, Art. X, State Constitution, the state, for itself and for

its agencies or subdivisions has waived sovereign immunity for liability for torts pursuant to

Florida Statute § 768.28.

      11.    Plaintiff, BRENDA BLUM, presented this claim in writing to the appropriate

agency and to the Department of Insurance within three (3) years after the claim accrued pursuant

to Florida Statute § 768.28 (6) (a).

      12.    Defendant CITY requested the assistance of the Department of Insurance in the

consideration and adjustment of this claim.

      13.    Defendant CITY by and through the Department of Insurance accepted the notice

of claim regarding Plaintiff, BRENDA BLUM, on February 27, 1996.

      14.    The appropriate agency failed to make final disposition of this claim within six

months after it was filed and therefore is deemed a final denial of the claim for purposes of Florida

Statute § 768.28.

      15.    Plaintiff, BRENDA BLUM, provided the appropriate agency with her date and

place of birth and social security number.

16.     Plaintiff, BRENDA BLUM, provided to said agency the fact that there exists no prior adjudicated unpaid claim in excess of two hundred dollars ($200.00).

17.     Process will be served upon the head of the agency concerned and the Department of Insurance pursuant to Florida Statute § 768.28 at all times material hereto.

## FACTS

18.     JOHN PARLAPIANO was an officer, employee or agent of Defendant CITY within the context of Florida Statute §768.28 at all times material hereto.

19.     JOHN PARLAPIANO was at all times relevant herein a duly appointed and acting police officer of the CITY.

20.     Defendant CITY was at all times material hereto, a municipality responsible for the training, direction, and supervision of JOHN PARLAPIANO as a CITY police officer.

21.     At all times material hereto, BRENDA BLUM was in the care, custody, and control of Defendant CITY.

22.     Defendant CITY police officers, JOHN PARLAPIANO and JARRETT SEAL arrested Plaintiff BRENDA BLUM on February 20, 1996.

23.     At all times material to this arrest, Plaintiff BRENDA BLUM was cooperative and never attempted to strike, punch, kick, bite or spit at the officers.

24.     At all times material hereto, Defendant CITY police officers, JOHN PARLAPIANO and JARRETT SEAL hand cuffed Plaintiff BRENDA BLUM's hands behind her back and placed her into the rear of the CITY police car.

25.     At all times material hereto, said CITY motor vehicle was equipped with both rear

4

lap belts and rear shoulder restraints.

26.     Separating the back seat from the front seat of the police motor vehicle was a metal and plexiglass cage.

27.     Officers JOHN PARLAPIANO and JARRETT SEAL did not transport Plaintiff BRENDA BLUM directly to the CITY police department.

28.     Defendant CITY owned the police motor vehicle which was operated by JOHN PARLAPIANO at or near the intersection of State Road 583 and Hanna Avenue, Temple Terrace, Hillsborough County, Florida.

29.     That at said time and place the Plaintiff, BRENDA BLUM, was a hand cuffed arrestee sitting behind the metal and pexiglass cage in the rear of the police car owned by the Defendant CITY and operated by JOHN PARLAPIANO.

30.     That at said time and place, DELORES HARRIS McCLOUD, was the owner and operator of a motor vehicle, traveling East upon Hanna Avenue, at or near its intersection with State Road 583, Temple Terrace, Hillsborough County, Florida.

31.     That at said time and place, JOHN PARLAPIANO, did operate, maintain and/or control the motor vehicle in such a negligent manner so as to cause said motor vehicle to collide with the vehicle operated by DELORES HARRIS McCLOUD.

32.     That at said time and place , JOHN PARLAPIANO and JARRETT SEAL, while acting in the course and scope of their employment with the Defendant, CITY, placed the Plaintiff, BRENDA BLUM, at undue risk by:

        (a)     failing to transport her directly to the CITY police department;

        (b)     failed to safely restrain her with either the lap belt or shoulder harness

5

despite the fact that her hands were cuffed behind her back;

(c)     exceeding the safe posted speed limit while operating the motor vehicle;

(d)     failing to yield the right of way to a motor vehicle;

(e)     causing a violent motor vehicle collision.

## COUNT I
## VICARIOUS LIABILITY OF OFFICER PARLAPIANO'S NEGLIGENCE
(pendent state claim)

33.     The Plaintiff, BRENDA BLUM, reiterates and realleges all of the allegations contained in paragraphs 1-5 and 8-32 of this Complaint as though restated herein.

34.     This is a pendent state claim for the vicarious liability of the CITY for the negligence of its officers committed in the course and scope of their employment with the CITY by (1) negligently failing to safely secure their hand cuffed passenger and (2) negligently operating the motor vehicle so as to cause a violent collision.

35.     That at all times material hereto, JOHN PARLAPIANO and JARRETT SEAL, were acting in the course and scope of their employment with Defendant CITY.

36.     That on or about February 20, 1996, JOHN PARLAPIANO operated the motor vehicle with the knowledge and consent of the Defendant, CITY, in the course and scope of his employment.

37.     That at all times material hereto, JOHN PARLAPIANO and JARRETT SEAL owed a duty to Plaintiff, BRENDA BLUM, to operate the motor vehicle in a reasonably safe manner and to safely secure her as an arrestee with her hands cuffed behind her back in the police vehicle.

6

38.     That on February 20, 1996, Plaintiff, BRENDA BLUM, could not restrain herself because her hands were cuffed behind her back.

39.     Defendant CITY breached its duty to safely secure the hand cuffed BRENDA BLUM because officers JOHN PARLAPIANO and JARRETT SEAL failed to safely secure Plaintiff, BRENDA BLUM, after placing her in the back seat of the police vehicle with her hands cuffed behind her back.

40.     Defendant CITY breached its duty to operate the motor vehicle during transport in a reasonably safe manner because JOHN PARLAPIANO negligently collided with another vehicle causing Plaintiff, BRENDA BLUM, to fly forward and smash her face on the metal grid barrier between the front and rear seats of the police vehicle.

41.     Defendant CITY is liable for the negligence of its employee, JOHN PARLAPIANO, in the following particulars:

(a) Vicarious Liability under Florida's Dangerous Instrumentality Doctrine; and

(b) as JOHN PARLAPIANO's employer under the Doctrine of Respondeat Superior.

42.     That as a direct and proximate result of the negligence of the Defendant, CITY, Plaintiff, BRENDA BLUM, has suffered in the past and will continue to suffer in the future the following damages:

a.  permanent personal injuries within a reasonable degree of medical probability;

b.  pain and suffering;

c.  disability;

d.  disfigurement;

7

e.  mental anguish;

f.  loss of capacity for the enjoyment of life;

g.  loss of earnings, past, present and future;

h.  loss of earning capacity;

i.  medical expenses for the care and treatment of her injuries;

j.  inconvenience;

k.  aggravation of pre-existing injury.

43.     The injuries consist in whole or in part of a significant and permanent loss of important bodily functions and a permanent injury within reasonable degree of medical probability, and significant and permanent scarring or disfigurement.  However, should it be determined that any such bodily injuries are not permanent, then Plaintiff, BRENDA BLUM, claims entitlement to all damages resulting from non-permanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault Benefits).

WHEREFORE, the Plaintiff, BRENDA BLUM, demands judgment against the Defendant, CITY, for damages, post-judgment interest, costs of these proceedings, and further demands a trial by jury on all issues so triable.

## COUNT II
## NEGLIGENT TRAINING AND SUPERVISION
(pendent state claim)

44.     The Plaintiff, BRENDA BLUM, reiterates and realleges all of the allegations contained in paragraphs 1-5 and 8-32 of this Complaint as though restated herein.

45.     This is a pendent state claim for negligent hiring, training of an employee of the CITY.

8

46.     Defendant CITY was at all times material hereto, a municipality responsible for the training of its employees JOHN PARLAPIANO and JARRETT SEAL as CITY police officers.

47.     Prior to hiring JOHN PARLAPIANO and JARRETT SEAL, Defendant CITY knew or should have known of their unfitness to safely transport hand cuffed arrestees in CITY police cars.

48.     Defendant CITY hired JOHN PARLAPIANO and JARRETT SEAL to make arrests and safely transport those arrestees to the Tampa Police Department.

49.     During the course of employment, Defendant CITY became aware or should have become aware of problems with JOHN PARLAPIANO and JARRETT SEAL that indicated their unfitness but Defendant CITY failed to take further action such as investigation, discharge or reassignment.

50.     At all times material hereto, Defendant CITY was on notice of the propensities of JOHN PARLAPIANO and JARRETT SEAL to not take any measures to safely restrain hand cuffed arrestees with either lap belts or shoulder harnesses during transport.

51.     Despite being aware of said propensities of its officers, Defendant CITY was responsible for bringing Plaintiff BRENDA BLUM into contact with officers JOHN PARLAPIANO and JARRETT SEAL.  Therefore, this Defendant created a situation in which a hand cuffed arrestee could be injured in a foreseeable motor vehicle collision.

52.     Defendant CITY owed its residents, including Plaintiff BRENDA BLUM, a duty to properly train its police officers regarding the use of seat belts for the safe transportation of hand cuffed arrestees in police cars.

53.     Defendant CITY breached this duty by negligently training JOHN PARLAPIANO

9

and JARRETT SEAL regarding the appropriate and safe use of seat belts for hand cuffed arrestees during transport.

54.    Defendant CITY knew or should have known that its failure to properly train its officers regarding the appropriate and safe use of seat belts would place the lives and health of people with whom its officers came into contact in danger.

55.    Defendant CITY negligently permitted JOHN PARLAPIANO  and JARRETT SEAL to remain CITY police officers knowing that they had not been given sufficient courses and training regarding the appropriate and safe use of seat belts of hand cuffed arrestees during transport.

56.    Defendant CITY also owed a duty to its residents, including Plaintiff, BRENDA BLUM, to supervise officers JOHN PARLAPIANO and JARRETT SEAL to make sure that they were properly restraining hand cuffed arrestees during transport in police cars.

57.    Defendant CITY breached its duty to supervise its officers by failing to properly supervise JOHN PARLAPIANO and JARRETT SEAL despite having an actual opportunity to do so.

58.    That as a direct and proximate result of the negligence of the Defendant, CITY, Plaintiff, BRENDA BLUM, has suffered in the past and will continue to suffer in the future the following damages:

        a. permanent personal injuries within a reasonable degree of medical probability;

        b. pain and suffering;

        c. disability;

        d. disfigurement;

10

  e. mental anguish;

  f. loss of capacity for the enjoyment of life;

  g. loss of earnings, past, present and future;

  h. loss of earning capacity;

  i. medical expenses for the care and treatment of her injuries;

  j. inconvenience;

  k. aggravation of pre-existing injury.

  59. The injuries consist in whole or in part of a significant and permanent loss of important bodily functions and a permanent injury within reasonable degree of medical probability, and significant and permanent scarring or disfigurement.  However, should it be determined that any such bodily injuries are not permanent, then Plaintiff, BRENDA BLUM, claims entitlement to all damages resulting from non-permanent injuries sustained and which are based upon benefits therefore not paid by Personal Injury Protection (No Fault Benefits).

  WHEREFORE, the Plaintiff, BRENDA BLUM, demands judgment against the Defendant, CITY, for damages, post-judgment interest, costs of these proceedings, and further demands a trial by jury on all issues so triable.

**COUNT III**
**42 U.S.C. § 1983 Against CITY OF TAMPA**

  60. The Plaintiff, BRENDA BLUM, reiterates and realleges all of the allegations contained in paragraphs 1-32 as though restated herein.

  61. Count III is a constitutional claim regarding the policy of deliberate indifference to the safety of those in Defendant's custody, due to Defendant's failure to train the police officers on patrol to safely restrain handcuffed arrestees being transported in a police car with a seatbelt

11

which amounts to mistreatment of arrestees in custody.

62.     This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.  This is a substantive due process claim concerning certain minimal custodial standards to persons deprived of their liberty.

63.     The practices and procedures of the Defendant CITY violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution to be free from summary punishment and state occasioned damage to her bodily integrity.

64.     The Plaintiff, BRENDA BLUM at all times material hereto was a "person" within the definition of 42 U.S.C. § 1983.

65.     The CITY OF TAMPA, a municipal corporation, is considered a "person" subject to liability under 42 U.S.C. § 1983.

66.     At all times material hereto, BRENDA BLUM, was a resident within the jurisdiction of the United States entitled to the rights, protection, and privileges guaranteed by the Fourteenth Amendment to the United States Constitution and Title 42, United States Code, Section 1983 (Civil Action for Deprivation of Rights).

67.     This is a civil action to redress the deprivation under color of State Law of the rights, privileges and immunities of the Plaintiff BRENDA BLUM guaranteed to the Plaintiff by the United States Constitution and within the scope of 42 U.S.C. § 1983.

68.     Inadequacy of police training is the basis for this 42 U.S.C. § 1983 action because the CITY's failure to train its police officers amounts to the deliberate indifference to the rights of persons with whom the police come into contact.  The acts of Defendant CITY do not constitute an isolated incident, but are part of a pattern of conduct of deliberate indifference to arrestees'

12

needs for personal safety in violation of the Fourteenth Amendment to the United States Constitution.

69.     Defendant CITY policymakers knew to a moral certainty that their police officers would be required to transport handcuffed arrestees in CITY police cars.  The CITY provided police cars equipped with rear lap belts and shoulder harnesses to its officers to allow them to accomplish this task.  Because the police cars are dangerous instrumentalities, the need to train the officers in the use of seat belts for handcuffed arrestees was so obvious that failure to do so could properly be characterized as deliberate indifference to constitutional rights.

70.     Defendant CITY knew that its failure to safely restrain arrestees, including Plaintiff BRENDA BLUM, in its custody with their hands cuffed behind their backs sitting behind a metal/pexiglass cage would foreseeably cause said arrestees to be serverely injured in the event of a motor vehicle collision or abrupt stop.

71.     Neither CITY officer JOHN PARLAPIANO nor CITY officer JARRETT SEAL ever received any training whatsoever on the use of seat belts for hand cuffed arrestees in custody during post-arrest transport prior to this February 20, 1996 motor vehicle crash.

72.     At all times material hereto, the CITY provided no training to its officers regarding seat belt usage by hand cuffed arrestees who are transported in the rear seats of CITY police cars.

73.     At all times material hereto, the CITY had created a custom of allowing unbelted arrestees with their hands cuffed behind their back to be transported in CITY police cars which are dangerous instrumentalities that are frequently involved in crashes.

74.     Defendant CITY's failure to train and supervise was a deliberate indifference to the rights of Plaintiff, BRENDA BLUM.

13

75.    Defendant CITY knew or should have know that JOHN PARLAPIANO and/or JARRETT SEAL had no formal training on the proper use of restraining devices in patrol vehicles.

76.    Defendant CITY knew or should have known that the failure to use a restraining device could cause substantial injury or death to an individual.

77.    Defendant CITY knew or should have known that because JOHN PARLAPIANO and/or JARRETT SEAL had no formal training on the proper use of restraining devices, anyone who was a hand cuffed arrestee inside a CITY vehicle operated by them could be seriously hurt or killed.

78.    Defendant CITY's failure to provide adequate training on the proper use of restraining devices and failure to supervise were a complete disregard for human life and an unreasonable seizure.

79.    Defendant CITY knew of the need to train and supervise its police officers including JOHN PARLAPIANO and JARRETT SEAL.

80.    Defendant CITY was deliberately indifferent to the rights of Plaintiff BRENDA BLUM and made a conscious choice not to train its police officers including JOHN PARLAPIANO and JARRETT SEAL in the particular area of motor vehicle restraining devices.

81.    The persistent failure to take disciplinary action against CITY police officers for refusing to safely restrain hand cuffed arrestees being transported in CITY police cars was so prevalent that it amounted to a CITY custom and policy.

82.    The CITY's failure to train and supervise its police officers is a municipal policy and that municipal policy caused the police officers to violate Plaintiff BRENDA BLUM's rights.

14

83.    Defendant CITY disregarded the unconstitutional conduct of its police officers and failed to adequately investigate and discover and correct such unconstitutional conduct which caused this violation of Plaintiff BRENDA BLUM's constitutional rights.

84.    Defendant CITY knew about the pattern of unconstitutional violations but failed to take steps to train, supervise, investigate or instruct its police officers regarding the usage of seat belts for hand cuffed arrestees during post-arrest transport.

85.    It was the policy and/or custom of the Defendant CITY to inadequately supervise and train its police officers, including the Defendant CITY's police officers, JOHN PARLAPIANO and JARRETT SEAL, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

86.    At all times material hereto, the need for training regarding the use of seat belts for arrestees with their hands cuffed behind them during transport in CITY police cars was obvious because their was a wide spread pattern of injuries to unbelted hand cuffed arrestees during post-arrest transport and the CITY was therefore on notice of the need for improved training and supervision.

87.    Even without the prior injuries to unbelted hand cuffed arrestees during post-arrest transport, the need for this particular training regarding seat belt usage by hand cuffed arrestees being transported in CITY police cars was obvious because the CITY owes certain minimal custodial standards to persons deprived of their liberty in these recurrent situations.

88.    The need to train the CITY police officers on the proper seat belt usage for arrestees with their hands cuffed behind them during transport in CITY police cars was so obvious and the likelihood of constitutional violations and serious injuries were so highly

15

predictable that liability attaches for this single incident.

89.     Defendant CITY police officers, JOHN PARLAPIANO and JARRETT SEAL arrested Plaintiff BRENDA BLUM on February 20, 1996.

90.     At all times material to this arrest, Plaintiff BRENDA BLUM was cooperative, did not resist arrest and never attempted to strike, punch, kick, bite or spit at the officers.

91.     After arresting Plaintiff BRENDA BLUM, CITY police officers JOHN PARLAPIANO and JARRETT SEAL placed her in the rear of the police car with her hands cuffed behind her back.

92.     At all times material hereto, said CITY motor vehicle was equipped with both rear lap belts and rear shoulder restraints.

93.     Separating the back seat from the front seat of the police car was a metal and plexiglass cage.

94.     Defendant CITY police officers, JOHN PARLAPIANO and JARRETT SEAL failed to safely restrain Plaintiff BRENDA BLUM with either the rear lap belt or the shoulder harness.

95.     On February 20, 1996, CITY police officer PARLAPIANO drove the police car in such a manner so as to cause Plaintiff BRENDA BLUM to be thrown violently forward resulting in severe and permanent physical injuries.

96.     As a direct and proximate cause of the CITY's inadequate training, BRENDA BLUM was not provided use of a seat belt and suffered the following injuries and damages and seeks all damages she is entitled to under Florida and Federal law including attorneys fees pursuant to the Equal Access to Justice Act and 42 U.S.C. Section 1988:

16

    a.  permanent personal injuries within a reasonable degree of medical probability;

    b.  pain and suffering;

    c.  disability;

    d.  disfigurement;

    e.  mental anguish;

    f.  loss of capacity for the enjoyment of life;

    g.  loss of earnings, past, present and future;

    h.  loss of earning capacity;

    i.  medical expenses for the care and treatment of her injuries;

    j.  inconvenience;

    k.  aggravation of pre-existing injury;

    l.  infringement of her constitutional rights.

97.    Defendant CITY, by and through its agents, employees, and representatives, violated BRENDA BLUM'S rights under the Fourteenth Amendment to the United States Constitution in the following particulars:

    a)  unreasonably seizing her by cuffing her hands behind her back and denying her the use of an available seat belt for her own personal safety during transport in this dangerous instrumentality.

    b)  deviating from the primary responsibility of transporting Plaintiff, BRENDA BLUM, directly to the City of Tampa Police Department, and

    d)  failing to train officers to restrain handcuffed arrestees in the CITY police car.

98.    These violations and torts were committed as a result of policies and customs of

17

the CITY.

WHEREFORE, the Plaintiff, BRENDA BLUM, demands judgment against the Defendant, CITY, for damages, post-judgment interest, costs of these proceedings, attorney fees and further demands a trial by jury on all issues so triable.

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and U.S. mail on this _7th_ day of September 2000 to JAMES CALTAGIRONE, ESQUIRE, 111 S. Moody Avenue, Tampa, FL  33609 and BERNARD C. SILVER, ESQUIRE, 101 E. Kennedy Blvd., #2560, Tampa, FL  33602.

JAMES W. HOLLIDAY, ESQUIRE
Florida Bar No. 0045284
TIMOTHY F. PRUGH, ESQUIRE
Florida Bar No. 138714
1009 W. Platt St.
Tampa, FL  33606
813/251-3548
Attorneys for Plaintiff,
BRENDA BLUM

18